## MRS. ROSS DUNEGAN v. STATE.

No. A-7403. Opinion Filed June 14, 1930.
(289 Pac. 355.)

Waldrep & Haight, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county on a charge of operating and maintaining a public nuisance, and her punishment fixed by the jury at a fine of $300 and confinement in the county jail for a period of two months.

The evidence of the state was that they procured a search warrant to search the premises of the defendant, and that after serving a copy of the same on the defendant they found three cases of bottled beer in the kitchen back on a shelf and a five-gallon water bottle full of beer about ready to bottle and a ten-gallon jar that had had beer in it. They found two bottles and empty glasses setting on the dining table that looked as though they had just been emptied and six cases of empty bottles under the

house, a capping machine, and a siphon hose. That they had samples of the beer analyzed, and that the same contained 5.2 per cent. of alcohol measured by volume. Numerous neighbors of the defendant were called who testified that during the day the blinds were kept drawn at this place, and that numerous cars came every day and that men came and went from the house; that the place was a place where people congregated and that it had the reputation of being a place where intoxicating liquors were kept and sold.

The defendant took the stand in her own behalf and admitted that the beer and things were found as testified to by the officers, but denied that she was the owner of the same or had anything to do with them. She testified that her husband was a railroad man and was away from home every day, and explained that the cars that came there were automobile salesmen, insurance agents, and friends. The evidence of the state was sufficient to support the verdict of the jury.

Defendant contends first that the affidavit and search warrant are insufficient and attaches copies of the same to her motion to suppress the evidence. The affidavit is positively sworn to and contains all the necessary allegations to authorize the issuance of a search warrant. The warrant is in proper form and was duly served on the defendant. The trial court did not err in overruling the motion to suppress the evidence. The case was well tried; the proceedings all appear to be regular and sufficient. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.